No. 91–1410. WALLER *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied. ▮

JUSTICE WHITE, with whom JUSTICE O'CONNOR joins, dissenting.

Title 28 U. S. C. § 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This case presents the question whether the cause of apparent partiality or bias must stem from an extrajudicial source.

I would grant the petition for writ of certiorari to resolve a recognized split among the Courts of Appeals on this issue.

Petitioner Samuel Waller and his stepfather, Gentry McKinney, were charged with 61 counts of structuring deposits to avoid currency transaction reporting requirements and one count of conspiring to commit those offenses. The District Court granted petitioner's motion to sever his trial from that of McKinney. In connection with that motion, petitioner and the Government agreed that McKinney would be tried by a jury prior to petitioner's trial. Petitioner agreed to waive his right to a jury trial and to have a bench trial using the relevant evidence from McKinney's trial, as supplemented by any evidence adduced relative to petitioner's role in the offense.

The same judge presided at both trials. McKinney was convicted on all counts in September 1989 and sentenced in December 1989. As part of the sentencing record, the judge reviewed a Federal Bureau of Investigation (FBI) memorandum appended to McKinney's presentence report. This memo alleged that McKinney and petitioner had been involved in drug trafficking and disclosed the full scope of criminal activity in which the Government suspected petitioner and McKinney were involved. Petitioner was later convicted after his bench trial in April 1990. Prior to his sentencing in January 1991, petitioner received a copy of his presentence report, which also had the FBI memorandum attached. Petitioner discovered that the District Court used the memo in McKinney's sentence and, consequently, that the judge had read all of its prejudicial allegations about petitioner prior to the time he presided at the bench trial.

Petitioner moved for a new trial, alleging that the judge should have disqualified himself, pursuant to 28 U. S. C. § 455(a), because of the appearance of bias and partiality created by prior receipt of the FBI memorandum and failure to disclose its existence prior to bench trial. The District Court denied the motion because the prejudicial information about petitioner was not received from an extrajudicial source, i. e., one independent of the prosecution of petitioner and McKinney. The judge acknowledged that the appearance of bias existed, but stated further that he did not believe he was in fact biased, that he either rejected or failed to recall specific allegations from the memo during trial, and that he ignored any inadmissible evidence in adjudicating petitioner's guilt.

Relying on *United States* v. *Monaco,* 852 F. 2d 1143, 1147 (CA9 1988), cert. denied, 488 U. S. 1040 (1989), and *United States* v. *Winston,* 613 F. 2d 221, 223 (CA9 1980), the Ninth Circuit affirmed in an unpublished opinion, holding that "[i]nformation obtained by a judge through judicial duties in relation to one co-defendant . . . cannot serve to disqualify that judge from the subsequent trial of another codefendant." App. to Pet. for Cert. A–4. The appellate court supported its conclusion by noting that the judge read the memo more than five months prior to petitioner's bench trial and had forgotten the significance and the specific allegations of the memo; that a judge is presumed to ignore inadmissible evidence in deciding a case; and that petitioner agreed the judge could consider evidence from McKinney's trial and was aware the judge would have access to all information from those proceedings. "Given these facts," the Ninth Circuit concluded, "we see no reasonable grounds for questioning [the trial judge's] impartiality because of bias or prejudice." *Id.,* at A–6.

The Ninth Circuit explicitly rejected the First Circuit's contrary approach in *United States* v. *Chantal,* 902 F. 2d 1018 (1990), where the First Circuit emphasized that it "has repeatedly subscribed to what all commentators characterize as the correct view that . . . the source of the asserted bias/prejudice in a §455(a) claim can originate explicitly in judicial proceedings," *id.,* at 1022. See *Panzardi-Alvarez* v. *United States,* 879 F. 2d 975, 983–984 (CA1 1989); *United States* v. *Kelley,* 712 F. 2d 884, 889–890 (CA1 1983); *United States* v. *Cepeda Penes,* 577 F. 2d 754, 758 (CA1 1978); *United States* v. *Cowden,* 545 F. 2d 257, 265 (CA1 1976), cert. denied, 430 U. S. 909 (1977). The First Circuit has concluded that the language of §455(a) is "automatic, mandatory and self-executing"; that "[i]t did away with the 'duty to sit' doctrine"; and that "[i]t attacks the appearance of bias, not just bias in fact." *Chantal, supra,* at 1023. That the First Circuit would consider appearances of judicial bias and prejudice originating in judicial proceedings conflicts not only with the Ninth Circuit, but also with the Fourth, Fifth, Sixth, and Eleventh Circuits. See *United States* v. *Mitchell,* 886 F. 2d 667, 671 (CA4 1989); *United States* v. *Merkt,* 794 F. 2d 950, 960 (CA5 1986), cert. denied, 480 U. S. 946 (1987); *United States* v. *Sammons,* 918 F. 2d 592, 599 (CA6 1990); *McWhorter* v. *Birmingham,* 906 F. 2d 674, 678 (CA11 1990).

Here, the trial judge stated: "'I do believe that the appearance of the question exists, and I think it is aggravated here by the fact I allowed a waiver of the jury.'" Reply to Brief in Opposition 6

(quoting Transcript of Motions Hearings). The District Court, in line with its precedent in the Ninth Circuit and other Circuits, pretermitted any such consideration upon the conclusion that only extrajudicial sources can lead to reasonable questions about the judge's impartiality, a rule that the First Circuit rejects.

The statute itself gives no indication regarding the correct resolution of this recurring question. Because the Courts of Appeals have settled into differing interpretations of this statutory recusal provision, I would grant certiorari to resolve the conflict.