974 F.2d 1333
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph Russell MIKALAJUNAS, JR., Defendant-Appellant.
 No. 91-5119.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 10, 1992
Decided: September 2, 1992
 
 Ellen M. Luff, Gambrills, Maryland, for Appellant.
 Joseph Lee Evans, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Gill Cochran, Annapolis, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 Before RUSSELL, MURNAGHAN, and NIEMEYER, Circuit Judges.
 RUSSELL, Circuit Judge:
 
 OPINION
 
 1
 Joseph R. Mikalajunas appeals his sentence for aiding and abetting second degree murder. He argues that the judge's criticisms from the bench of the sentencing guidelines and of a Fourth Circuit opinion interpreting the guidelines constituted bias under 28 U.S.C. § 455(a) (1988), requiring the judge to recuse himself. We find that the judge's comments might lead an objective observer to question the judge's impartiality. Therefore, we remand this case for resentencing before a different judge.
 
 I.
 
 2
 On January 16, 1990, a federal grand jury indicted Mikalajunas for being an accessory after the fact and for aiding and abetting in first degree murder and second degree murder, in violation of 18 U.S.C. §§ 2, 3, 7 (1988).[1] He pled guilty to being an accessory after the fact to second degree murder. The district court judge calculated an offense level of 25, including two points for "restraint of victim."[2] He then sentenced Mikalajunas to a term of 57 months imprisonment, which was the lowest possible sentence for an offense level of 25. The judge stated that he sentenced at the low end of the guideline range because he found Mikalajunas to be an otherwise responsible, able person and because Mikalajunas had a child to support. Tr. of Sentencing Proceedings 44 (July 2, 1990) (copy in J.A. at 16, 56).
 
 
 3
 On appeal, we vacated the sentence and remanded for resentencing because of the two-point enhancement for restraint. United States v. Mikalajunas, 936 F.2d 153 (4th Cir. 1991). We held that "[e]very murder involves the ultimate restraint" as an element of the crime, and "an act which is merely an element of the underlying offense does not warrant an enhancement for physical restraint." Id. at 156. On remand, then, the district court was to sentence Mikalajunas pursuant to an offense level of 23.
 
 
 4
 The district court judge reimposed the same 57-month sentence, which is at the top of the guideline range for an offense level of 23. At the resentencing hearing, the judge stated:
 
 
 5
 I'm going to reimpose the sentence of 57 months which I originally imposed. I did it because I think it was the appropriate sentence when I did it.
 
 
 6
 I tried to make it clear, a sentence at the low end of the range given, because, although I thought the enhancement was appropriate, frankly, I still think the enhancement was appropriate, I think, it's a foolish decision [the Fourth Circuit reversal], I will say that on the record.
 
 
 7
 I think it's foolish in two respects. Number one, it's wrong on the merits and, two, I think it's inhumane to put everybody back through this-what we are going through today.
 
 
 8
 Again, the Guidelines themselves are an accountant's view instead of a judge's view and the Fourth Circuit doesn't make it any worse [sic].
 
 
 9
 I said it was appropriate. I meant it was appropriate.
 
 
 10
 Tr. of Resentencing Proceedings 4-5 (Aug. 20, 1991) (copy in J.A. at 59, 62-63). The judge then told Mikalajunas that considering all the circumstances of this case, the original sentence was just. He further stated that his decision was not made "with any spirit of vengeance ... or anger about anything." Id. at 6 (J.A. at 64).
 
 
 11
 Mikalajunas now appeals his sentence based on the judge's comments and seeks a second resentencing by a different judge. We note that Mikalajunas did not contemporaneously challenge the comments; nor did he make a motion to the judge for recusal pursuant to 28 U.S.C. § 455(a). The issue of recusal is raised by Mikalajunas for the first time on appeal.
 
 II.
 
 12
 Mikalajunas' sole claim on appeal is that the judge should have recused himself pursuant to 28 U.S.C. § 455(a).[3] Mikalajunas argues that the judge's comments quoted above indicate that the judge approached the resentencing with a closed mind regarding the interpretation and application of the sentencing guidelines. Therefore, the judge should have recused himself for impartiality according to section 455(a).
 
 
 13
 Section 455 sets forth the general and particular circumstances in which a judge should recuse himself or herself from presiding. Subsection (a) provides in broad terms:
 
 
 14
 Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 15
 As the language of the statute clearly mandates, judges should employ an objective standard to determine impartiality. That is, a judge should recuse himself or herself whenever a reasonable person, with knowledge of all the facts of the case, would question the judge's impartiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); United States v. Mitchell, 886 F.2d 667, 671 (4th Cir. 1989). The subjective mindset of the judge is irrelevant to a determination of impartiality under section 455(a). In addition, " '[t]he alleged bias must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter.' " Mitchell, 886 F.2d at 671 (quoting In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)); accord United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984); cf. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (refusing to disqualify judge under 28 U.S.C. § 144 for evidence-based bias).[4] If the judge's perceived bias is based solely on evidence from the case before him or her, such will not serve to disqualify the judge.
 
 
 16
 We normally review section 455(a) cases for abuse of discretion. See Mitchell, 886 F.2d at 671; Carmichael, 726 F.2d at 160. In this case, however, Mikalajunas never presented a motion for recusal to the judge, nor did he raise contemporaneous objections to the comments at the resentencing hearing. We have no judicial ruling for review on appeal. We can, however, review Mikalajunas' claim under the stricter plain error standard of Rule 52(b).[5] See United States v. Schreiber, 599 F.2d 534, 535-36 (3d Cir.) (holding that where § 455 recusal was not raised before trial judge, proper standard of review is plain error), cert. denied, 444 U.S. 843 (1979); cf. Noli v. Commissioner of Internal Revenue, 860 F.2d 1521, 1527 (9th Cir. 1988) (holding that party that fails to move for § 455 recusal at trial bears a greater burden on appeal of showing error). Rule 52(b) states:
 
 
 17
 Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
 
 
 18
 The rule codified the standard of review previously set forth by the Supreme Court: "In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160 (1936); see also, United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.) (quoting Atkinson), cert. denied, 459 U.S. 1018 (1982). A reviewing court must assess the error in the context of the entire record. United States v. Young, 470 U.S. 1, 16 (1985); McCaskill, 676 F.2d at 1002. In this appeal, then, we consider whether the judge's comments clearly called the integrity or reputation of the judiciary into question in the mind of an informed observer.
 
 
 19
 The judge's comments, in the context of the resentencing record as a whole, would lead an observer to believe that he had not sentenced Mikalajunas according to the law governing the case. First, he denounced the Fourth Circuit's reversal of his two-point enhancement as a "foolish decision" and "wrong on the merits." He then opined that it would be "inhumane to put everybody back through this." These comments were followed by his open criticism from the bench of the sentencing guidelines. Compounding the impression of the judge's obstinacy toward sentencing under the guideline law is the fact that the judge failed to articulate why he thought the same sentence appropriate under a different guideline range. He sentenced at the lower end of the guideline range in the original sentencing, providing reasons for his decision, but on remand sentenced at the upper end of the new guideline range without explanation. Since the nature of our inquiry in this case concerns only the appearance of partiality and not actual partiality, we need not look beyond the judge's comments to find a violation of § 455(a) here. Furthermore, the source of his perceived bias was extra-judicial; it was a bias derived from personal objections to the governing law.
 
 
 20
 We further find that the judge's comments constitute plain error. His comments clearly violated section 455(a). Beyond that, the error was sufficiently serious to warrant resentencing. Because it appears that the judge refused to resentence Mikalajunas under the law, the "integrity [and] public reputation of [a] judicial proceeding[ ]" are called into question. Atkinson, 297 U.S. at 160. The appearance of propriety is as important to public confidence in our judicial system as actual fairness. " '[T]o perform its high function in the best way "justice must satisfy the appearance of justice." ' " Liljeberg, 486 U.S. at 864 (citations omitted). This is especially so in criminal cases where the government seeks to deprive a person of liberty or property. The fact that the 57-month sentence fell within the new guideline level to be applied on remand does not cure the error. The error is one affecting public perception, and, despite the lawful sentence, the perception still remains one of judicial disregard for the law.
 
 
 21
 We note that we do not by our opinion call into question the personal integrity of the judge in this case. On remand, the judge imposed a lawful sentence. He stated that he imposed the same sentence because he continued to believe it was just under the circumstances. We do not disagree. However, section 455(a) is concerned only with the appearance of bias, regardless of the subjective sentiments of the judge. The public forms its opinion of our judicial system based largely on what they see and hear in the courtroom. In order to ensure public confidence in an impartial judiciary that neutrally applies the governing law, and in order to assure Mikalajunas that he was sentenced in accordance with the law, we feel the best course here is to order another sentencing.
 
 CONCLUSION
 
 22
 We find that the district court judge's comments during resentencing of this case gave the appearance of bias against applying the sentencing guideline law. Since section 455(a) is concerned only with the appearance of bias, we hold that Mikalajunas' claim that the judge should have recused himself from the resentencing was not in error. Accordingly, we remand this case for resentencing by a different district court judge.
 
 REMANDED
 
 
 [1]
 Mikalajunas learned that his brother and two companions had murdered Christopher Weathers in a secluded section of Fort George G. Meade. He then persuaded a friend to help his brother bury Weathers' body
 
 
 [2]
 The judge concluded that the three men who murdered Weathers had restrained him from fleeing before stabbing him. Defense counsel argued that restraint was already an element of murder and should not be double counted
 
 
 [3]
 Mikalajunas does not raise a due process claim, which usually accompanies a section 455(a) claim in cases asserting judicial impartiality
 
 
 [4]
 The Supreme Court has recognized that the Circuits are split on this issue. Waller v. United States, 112 S. Ct. 2321 (1992) (White, J., dissenting from denial of certiorari). The Fourth, Fifth, Sixth, Ninth and Eleventh Circuits adhere to the view that the source of the alleged bias must be extrajudicial. In contrast, the First Circuit has consistently held that a judge may be disqualified pursuant to § 455(a) for alleged bias originating from evidence in the judicial proceeding. Compare Mitchell, 886 F.2d at 671 (stating that bias must be extra-judicial), and United States v. Merkt, 794 F.2d 950, 960 (5th Cir. 1986) (same), cert. denied, 480 U.S. 946 (1987), and United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (same), and United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir. 1988) (same), cert. denied, 488 U.S. 1040 (1989), and McWhorter v. Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (same), with United States v. Chantal, 902 F.2d 1018, 1022 (1st Cir. 1990) (holding that judge may be disqualified for case-based bias). Since the Supreme Court has chosen not to decide this issue, we will continue to follow Fourth Circuit precedent
 
 
 [5]
 The Supreme Court in Liljeberg ruled that § 455(a) can be applied retro actively so that a judge can take the necessary steps to rectify a situation where his or her impartiality might reasonably have been questioned. 486 U.S. at 861