UNITED STATES of America, Appellee,

v.

**Paul Frederic CHANTAL, III, Defendant, Appellant.**

**Nos. 89–1406, 89–1427.**

United States Court of Appeals, First Circuit.

Heard Oct. 5, 1989.

Decided May 3, 1990.

---

on the motion of a criminal defendant whom the judge had previously sentenced in connection with a similar crime. The trial judge held that because his knowledge of the defendant was all gained in judicial proceedings, he was not required to recuse himself under 28 U.S.C. § 144. We agree, but hold that the trial judge was required to determine whether a reasonable person might question his impartiality—given strong statements he made during the first proceedings—such that his disqualification was required by 28 U.S.C. § 455(a). We must therefore reverse and remand.[1]

### Proceedings Below

For drug related activities occurring between February and May, 1987 Chantal was charged in Indictment I with conspiracy and possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. A Rule 11 plea hearing was held July 24, 1987, at which time Chantal's guilty plea was accepted. Pending final sentencing Chantal's release on bail, on a $25,000 bond, was continued.

Bruce B. Hochman by Appointment of the Court, with whom Black, Lambert, Coffin & Haines, Portland, Me., was on brief, for appellant.

Margaret D. McGaughey, Asst. U.S. Atty., Portland, Me., with whom Richard S. Cohen, U.S. Atty., Augusta, Me., and Nicholas M. Gess, Asst. U.S. Atty., Portland, Me., were on brief, for the U.S.

Before BOWNES and TORRUELLA, Circuit Judges, and BROWN, Senior Circuit Judge.*

JOHN R. BROWN, Senior Circuit Judge.

This case comes to us from the refusal of a district court judge to disqualify himself

At the October 23, 1987 sentencing hearing on the guilty plea to Indictment I, the trial judge—apparently then unaware of the second drug incident[2]—and based on the presentence report, the Government's sentencing recommendations, and Chantal's plea for leniency, expressed in positive terms his views which Chantal now says disqualified the judge:

I can have no confidence whatever that [you] will change [your] ways in the future.

The Court views this case in terms of sentencing to be a more serious case than apparently the Government does.

This is an individual who has had a privileged pattern of existence, a lot of family support, and an intact family that

---

* Of the Fifth Circuit, sitting by designation.

1. The opinion is on ice cold questions of law with no aspersions directed or intimated respecting the morally ethical actions of the District Judge who exercised painstaking concern for the accused's rights including his capacity to stand trial.

2. While free on bond pending sentencing, Chantal engaged in additional drug related activities which ultimately resulted in the return of Indictment II on December 16, 1987. *See, infra.*

was very supportive of him, who undertakes to become actively involved, to profit only, as near as I can tell, in the distribution of cocaine, and was involved in it over a period of time, and repeatedly comes back to the distribution of cocaine.

I have seen no indication whatever that he has in any way expressed here or anywhere else any remorse or regret for this course of conduct. And I think this is very, very serious, that if people cannot concede or conceive of the ultimate evil of this substance and the practice of distributing it to people even after they've been caught and convicted, I can have no confidence that they are not going to, at the first opportunity they have after they leave this courtroom following sentencing, *go right back to the same type of activity.*

My consideration of all the information I have about this Defendant and my observation of his demeanor on every occasion, including today, when he's been before this Court, indicates to me that *he is an unreconstructed drug trafficker;* and I can have *no confidence* whatever that *he will change his ways in the future.*

(Emphasis added.)

The critical characterization of Chantal as an "unreconstructed drug trafficker" was not a mere slip of the tongue, one of those irretractible but regrettable off-the-cuff snap judgments. Taking the judge's words to heart, the words—all of them—made clear his view was not just a casual, loose remark but a considered judgment, not only as to the past but as to the future. After expressing these strong views, the judge then sentenced Chantal to 12 years.

This sentence is not under review.

### The Judge, A Good Predictor

In the meantime, unbeknownst to the trial judge—but well known to drug enforcement officials—Chantal had engaged in, and was caught red-handed in, a second drug incident in September 1987. This resulted in Indictment II which was returned December 16, 1987.

Shortly thereafter, Chantal formally filed a motion suggesting that the trial judge should recuse himself on the ground that his forceful remarks made at sentencing on Indictment I raised a substantial question as to his impartiality in the handling of Indictment II.

After actions which reflected genuine, careful concern for all of the rights of an accused, including orders for protracted consideration of Chantal's mental capacity and his capacity to understand the trial proceedings against him, the trial judge, briefly, and with little explication, denied the motion to recuse.[3] Shortly thereafter, Chantal entered a plea of guilty to Indictment II, for which he was was sentenced to an additional six years, consecutive to the twelve year sentence from Indictment I.

### Waiving the Denial of A Statutorially-Qualified Judge

■ Citing the accepted, unchallengable, principle that a plea of guilty waives all but jurisdictional defenses, *Gioiosa v. United States,* 684 F.2d 176, 179 (1st Cir.1982), the Government, promoting the Tenth Circuit's decision in *United States v. Gipson,* 835 F.2d 1323 (10th Cir.1988), *cert. denied,* 486 U.S. 1044, 108 S.Ct. 2038, 100 L.Ed.2d 623 (1988) argues that Chantal's 28 U.S.C. § 455(a) challenge to the trial judge's qualification was unalterably lost—"waived"—by the guilty plea.

---

**3.** As to Defendant's Motion to Recuse—After a full review of the written submissions of the parties on the within motion it is hereby *DENIED.* The Defendant has failed to support the motion with the affidavit required under 28 U.S.C. § 144. Further, the allegation of fact in support of the motion *clearly implies* that the *basis for the claim of bias or prejudice is information known to the judge because of his performance of judicial duties in Defendant's prior case.* The information is not from *an "extra-judicial source"* and is therefore not an adequate basis to force recusal. *See In Re: Cooper,* 821 F.2d 833, 838 (1st Cir.1987) and *United States v. Grinnell Corp.,* 384 U.S.C. [sic] 563, 593, 86 S.Ct. 1698, 1715, 16 L.Ed.2d 778 (1966). The Court *FINDS* that the Defendant has failed to show any circumstance on which this judge's "impartiality might reasonably be questioned" 28 U.S.C. § 455(a). SO ORDERED.
(Emphasis added).

Considering the laudable congressional aim that § 455(a) would assure not only an impartial court but the appearance of one, the idea that a plea of guilty would wipe out the attainment of adjudication by that kind of court is simply contrary to fundamental fairness, and the constitutional demand that judicial proceedings be conducted by a "neutral and detached judge." *Ward v. Village of Monroeville*, 409 U.S. 57, 61–62, 93 S.Ct. 80, 83–84, 34 L.Ed.2d 267 (1972); *see also, Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242–43, 100 S.Ct. 1610, 1613–14, 64 L.Ed.2d 182 (1980). Certainly, directly dealing, as we are, with § 455(a) and not constitutional principles, it is plain that Congress would never have thought its purpose to assure actions by judges who are not only impartial but appear to be, could be so unintelligibly eradicated by a plea engendered by the immediate prospect of a trial/decision by a biased judge.

Neither such fundamental rights or disqualification of judges can be so casually waived, except as expressly authorized by statute. *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255 (5th Cir.1983).[4] In countenancing any such contrary result, the Tenth Circuit is, in our view, in error.

### Asking the Statutorily Disqualified Judge for Consent to Appeal His Disqualification

■ The Government argues that no appeal is available from the entry of a guilty plea. They say that to assure an appeal from the denial of disqualification, Chantal should have entered a conditional plea under F.R.Crim.P. 11(a)(2) from which an appeal is permitted. This approach has even more devastating implications than an outright denial because of the plea of guilty. The very terms of Rule 11(a)(2) prevent the entry of a conditional plea of guilty without the consent of the trial judge.[5] Even more demanding, the U.S. Attorney must consent.

Although no responsible judge, trial or appellate, would suggest that consent would always arbitrarily be withheld even for a litigant challenging a judge's qualifications, the notion that such consent would have to be obtained to test such a fundamental thing is simply contrary to the spirit and purpose of a law having the objectives of § 455(a). The problem becomes exaggerated since the consent of the government is required and prosecutors with their advocatory zeal are not subject to the restraints of judges.

Congress established by the detailed provisions of § 455(a) an entirely new concept of acceptable judicial disqualification. It would be incongruous to hold that for one seeking the benefit of such protection the consent would have to be obtained from the very judge whose qualifications are under attack.

### The Source of the Bias, The Source of the Critical Error

■ The trial judge in his memorandum briefly but pungently demonstrated that he was judging his appearance of impartiality by the wrong standard.

With solid ground in the Fifth[6] and

---

4. In *Gomez v. United States*, —— U.S. ——, ——, 109 S.Ct. 2237, 2248, 104 L.Ed.2d 923, 940 (1989), the Supreme Court held that a magistrate may not conduct jury *voir dire* in a felony trial. A contrary result might run afoul of the constitutional right "to have all critical stages of a criminal trial conducted by a person with jurisdiction to preside." The Ninth Circuit applied *Gomez* retroactively to reverse a felony conviction in *United States v. France*, 886 F.2d 223 (9th Cir.1989), despite the defendant's failure to object to the magistrate's performance of the voir dire. *Contra United States v. Wong*, 884 F.2d 1537 (2d Cir.1989).

5. "(2) CONDITIONAL PLEAS. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty ..., reserving in writing the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion." F.R.Crim.P. 11(a)(2). *See* commentary to the 1983 Amendment, Rule 11(a).

6. *Parrish v. Board of Commissioners*, 524 F.2d 98, 100 (5th Cir.1975) (en banc), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

Ninth [7] Circuits, but not in the First the judge held that his remarks were immune from § 455(a) testing because, in his own words, Chantal's:

> allegation of fact ... clearly implies that the basis for the claim of bias or prejudice is information known to the judge because of his performance of judicial duties in defendant's prior case.

To make it even clearer he added:

> The information is not from an "extra-judicial source" and is therefore not an adequate basis to force recusal [*citing Cooper, Grinnell Corp.*].

The First Circuit, however, has repeatedly subscribed to what all commentators characterize as the correct view that, unlike challenges under 28 U.S.C. § 144, the source of the asserted bias/prejudice in a § 455(a) claim can originate explicitly in judicial proceedings.

As early as 1978 Judge Moore said for us:

> We recognize that the newly amended recusal provision, 28 U.S.C. § 455(a) now *permits* disqualification of judges even if alleged prejudice is a result of *judicially* acquired information in contradistinction to the prior law that *required* a judge to hear a case unless he had developed preconceptions by means of extrajudicial sources. The rationality for the amendments to the statute, as noted in [*United States v.*] *Cowden, supra,* 545 F.2d [257] at 265 [1 Cir.1976] was "to foster public confidence in the judicial system" by requiring disqualification based on "a rea-

sonable factual basis for doubting the judge's impartiality".

*United States v. Cepeda Penes,* 577 F.2d 754, 758 (1st Cir.1978).

The distinction between § 144 and § 455(a) was sharply highlighted by Judge Re's opinion for us in *United States v. Kelley,* 712 F.2d 884, 889–90 (1st Cir.1983):

> The knowledge which Kelley contends required Judge Mazzone to recuse himself was indisputably obtained by Judge Mazzone during the performance of his judicial duties. Therefore, it cannot serve as a basis for disqualifying Judge Mazzone on grounds of personal bias. Consequently, the only question is whether, under § 455(a) Judge Mazzone's impartiality might reasonably be questioned.

And again, most recently in *Panzardi–Alvarez v. United States,* 879 F.2d 975, 983–84 (1st Cir.1989), after first repeating the objective *Cowden* [8] test, "whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man," Judge Torruella then proceeded to state:

> Under this section, judicially acquired information can form the basis of a judge's disqualification as long as it meets the standard established in *Cowden.*[6][9]

Not only has this court spoken with clarity, it has spoken authoritatively to accept [10]

**7.** *United States v. Sibla,* 624 F.2d 864, 869 (9th Cir.1980); *United States v. Conforte,* 624 F.2d 869 (9th Cir.1980), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980); *United States v. Olander,* 584 F.2d 876, 882 (9th Cir. 1978), *vacated,* 443 U.S. 914, 99 S.Ct. 3104, 61 L.Ed.2d 878 (1979).

**8.** *United States v. Cowden,* 545 F.2d 257, 265 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977).

**9.** The *Panzardi–Alvarez* court's footnote 6 highlighted the distinctions which are critical here. It stated:
> This standard is in contrast to § 455(b), which requires recusal if a judge has "personal bias or prejudice concerning a party." *See also,* 28

U.S.C. § 144 (under which *personal* bias is also required). Under subsection (b), this court has repeatedly held that the personal bias or prejudice must have been acquired extra-judicially. *See United States v. Kelley,* 712 F.2d 884, 889–90 (1st Cir.1983). Panzardi acknowledges that the alleged district judge's prejudice was caused by facts learned through his judicial capacity and therefore he limits his claim to § 455(a).
*Panzardi–Alvarez,* 879 F.2d at 984 n. 6.

**10.** Lest I commit myself to juridical harakiri I hastily acknowledge that at home I must and will follow the Fifth Circuit's holdings, *see* note 6, *supra* which from the vantage of the First Circuit is wrong.

the wording and legislative history of § 455(a). Section 144 and § 455(a) are distinctly different. Disqualification under § 144 and § 455(b)(1) each require determination of bias/prejudice *in fact.* Likewise for both, the circumstances calling for disqualification must be personal in the sense that the source of bias/prejudice must arise out of extrajudicial, not judicial, proceedings.

In contrast, § 455(a) is automatic, mandatory and self-executing.[11] The adoption of ABA Canon 3 C[12] was a response to criticism of the inadequacy of the § 144 approach.[13] It did away with the "duty to sit" doctrine.[14] It attacks the appearance of bias, not just bias in fact.[15] The waiver of § 455(b) grounds is forbidden, and it is allowed for § 455(a) only with a statement on the record of the basis for disqualification. 28 U.S.C. § 455(e).[16] Unlike the Fifth and Ninth Circuits which equate § 455(a) with § 455(b)(1), in the First Circuit, § 455(a) is an independent basis for mandatory disqualification which requires no determination of bias in fact.[17] Nor does the fact that the source of the judge's

---

**11.** *See* Bloom, *Judicial Bias and Financial Interest as Grounds for Disqualification of Federal Judges,* 35 Case W.Res.L.Rev. 662, 670–71 (1985) (hereafter Bloom).

**12.** ABA Canon 3 C—*Disqualification*
(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
(a) The judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b) The judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter or the judge or such lawyer has been a material witness concerning it;
(c) The judge knows that, individually or as a fiduciary, the judge or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(d) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
(i) is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) is acting as a lawyer in the proceeding;
(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) is to the judge's knowledge likely to be a material witness in the proceeding;
(e) the judge has served in governmental employment and in such capacity participated as counsel, advisor, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.
(2) A judge should keep informed about the judge's personal and fiduciary financial interests, and make a reasonable effort to keep informed about the personal financial interests of the judge's spouse and minor children residing in the judge's household.
(3) For the purposes of this section:
(a) the degree of relationship is calculated according to the civil law system;
(b) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;
(c) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that:
(i) ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;
(ii) an office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;
(iii) the proprietary interest of a policy holder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;
(iv) ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.
(d) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation.

**13.** Bloom at 672, 691.

**14.** Bloom at 673; Comment, *Questioning the Impartiality of Judges: Disqualifying Federal District Court Judges Under 28 U.S.C. § 455(a),* Temp.L.Q. 697, 701 (1987) (hereafter Temple Comment).

**15.** Bloom at 674; Temple Comment at 705.

**16.** Bloom at 680; Temple Comment at 700.

**17.** Bloom at 670–71, 673.

bias arises out of or originates in judicial proceedings immunize the judge from the inquiry whether such factor would, in the mind of a reasonable person, raise a question about the judge's impartiality.[18] The question under § 455(a) "... is not whether the judge's statement springs from an extrajudicial source but instead whether the judge's statement or action would lead a reasonable person to question whether the judge would remain impartial." [19]

This court's plain speaking also reflects the actions taken by other courts, district and appellate, in finding disqualification under § 455(a) for conduct raising reasonable doubts of the judge's impartiality growing out of judicial proceedings. The classic case is *Roberts v. Bailar*, 625 F.2d 125, 127–29 (6th Cir.1980), where the trial judge during pretrial conference expressed his belief in the trustworthiness of the local postmaster, a key witness in a Title VII discrimination suit. There the court found that the judge's impartiality might reasonably be questioned and that he "had an independent duty to recuse himself ... under 28 U.S.C. § 455(a)." *See also Nicodemus v. Chrysler Corp.*, 596 F.2d 152 (6th Cir.1979).

### Real Question Still Unanswered

There is no doubt about the words spoken or that the circumstance of their origin in judicial proceedings is irrelevant under § 455(a). Thus, the district judge was faced squarely with the *Cowden* question: would a reasonable, responsible—perhaps even a non-judge—person have doubts about the judge's impartiality? This is a question initially for the judge whose impartiality is challenged. It is not a question for this court until the trial judge involved has ruled, and then only on appellate review.

### What Should Happen Here?

 We hold that the district judge's finding of no basis for disqualification rested on an incorrect principle of law and cannot stand. What should happen now?—

revoke all actions of the district judge subsequent to the motion to disqualify?—set aside the sentence given on indictment II? —or remand for appropriate determination?

Since the accepted standard of judicial review—whether the district judge abused his discretion in ruling upon a § 455(a) motion to recuse, confides, as does § 455(a) itself, so much discretion in the district judge, he ought to have the responsibility for determining initially whether, in the light of his statement about Chantal, his impartiality might reasonably be questioned by a responsible, reasonable person.

We therefore reverse and remand for a determination by the district judge as to whether he should recuse himself under § 455(a).

REVERSE AND REMAND.

---

**18.** *See* Bloom at 670–71, 675, 690 n. 170; Temple Comment at 715.

**19.** Temple Comment at 717.