USCA1 Opinion

 

 November 23, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 91-2219 UNITED STATES, Appellee, v. VIJAI B. PANDEY, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ___________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ___________________ Dr. Vijai B. Pandey on brief pro se. ___________________ A. John Pappalardo, United States Attorney, and C. Jeffrey ___________________ __________ Kinder, Assistant United States Attorney, on brief for appellee. ______ __________________ __________________ Per Curiam. Vijai B. Pandey appeals pro se from __________ his conviction and sentence. Pursuant to a plea agreement, appellant pled guilty to bank fraud. Applying the sentencing guidelines, the district court sentenced appellant to 9 months, with a recommendation that the sentence be served in a medical facility. The sentence was within the guideline sentencing range of 4 to 10 months. Appellant began serving his nine-month sentence on November 25, 1991. Therefore, defendant has presumably alreadly completed his sentence. Appellant requests that this court grant the following relief: vacate his conviction and sentence; vacate his guilty plea; dismiss the indictment; remove and bring criminal proceedings against the district court judge who sentenced him; dismiss the assistant U.S. Attorney in charge of the case and bring criminal and disciplinary proceedings against him and against the probation officer assigned to the case. We affirm. Background __________ On October 2, 1990, appellant was charged in a one-count indictment with bank fraud in violation of 18 U.S.C. 1344. The indictment charged that in 1988 appellant defrauded two banks of approximately $24,000 through a scheme to falsely inflate his bank account and then make transfers and withdrawls from that inflated account. On March 6, 1991, appellant filed a motion to recuse the district judge assigned to his case pursuant to 28 U.S.C. 144 and 455. Appellant alleged that the judge had "a potential personal bias or prejudice against me" because appellant had filed a complaint with the Massachusetts Board of Bar Overseers against the judge's son-in-law in 1988. The affidavit attached to the motion referenced an "Exhibit A" which was to be attached containing appellant's letter to the Board of Bar Overseers. The district court denied the motion, stating as follows: This court has absolutely no bias or prejudice towards the defendant. It has absolutely no knowledge of any complaint towards my son-in-law nor would it affect any action on my part in the case itself. The order also noted that "the exhibit marked 'A' was not included with the affidavit." Appellant entered a plea agreement with the government on September 19, 1991, in which he agreed to plead guilty to the charge and the government agreed that it would not make a specific sentencing recommendation. Paragraph 3 of the plea agreement stated that "[u]nder the relevant Sentencing Guidelines, Pandey has a base offense level of ten, based on the amounts of the fraud as set forth in Guidelines Section 2B1.1." In fact, U.S.S.G. 2B1.1 sets forth the base offense levels for "larceny, embezzlement, and other forms of theft." The base offense levels for fraud, the offense to which appellant pled guilty, are contained at U.S.S.G. 2F1.1. Under 2F1.1, the relevant base offense level was -3- also ten. The erroneous citation to 2B1.1 was later corrected to read "2F1.1" and the attorney for appellant and the government attorney initialed the change. The pre-sentence report (PSI) originally calculated a guideline range of 8 to 14 months, based upon a total loss of over $20,000. Following an objection by appellant's attorney, the PSI was amended to indicate a total loss of over $10,000, resulting in a guideline range of 6 to 12 months. Before sentencing, another objection was successfully made by appellant's attorney and the applicable guideline range was reduced to 4 to 10 months. At the sentencing hearing, the district court sentenced appellant to 9 months and recommended that the sentence be served in a medical facility where appellant could receive treatment for diabetes, chronic fatigue syndrome and his other physical ailments. A special assessment of $50 was imposed. Prior to sentencing, appellant moved to have his court- appointed attorney, William Fennell, removed on the grounds that Fennell had conspired with the government to deceive appellant by changing the plea agreement to reference the correct section of the sentencing guidelines and that Fennell had neglected his case. Attorney Fennell also moved to withdraw. The court denied both motions. Following the sentence, Fennell again moved to withdraw, which motion was granted by the district court. Appellant filed a notice of -4- appeal, a motion to stay execution of sentence and a motion for release pending appeal. The motions were denied. Appellant then filed a pro se motion for release pending appeal with this court. We denied the motion. Appellant also filed a motion to disqualify the First Circuit judges who ruled on his motion for release pending appeal from taking any further action on his appeal. We also denied that motion. Discussion __________ Appellant raises seven issues on appeal, objecting to the following actions by the district court: 1) denial of appellant's motion for recusal; 2) failure to comply with Fed. R. Crim. P. 32 when sentencing appellant; 3) acceptance of appellant's guilty plea when such plea was not knowing and voluntary; 4) denial of motion to remove counsel; 5) denial of motions to stay execution of sentence and for release pending appeal; 6) sentencing of appellant in violation of the Eighth Amendment; and 7) violating the Code of Conduct for United States Judges. 1. Recusal. Appellant argues that the district court ________ judge erred in not recusing himself pursuant to 28 U.S.C. 455 and 144. Those statutes provide, in relevant part, as follows: 144. Bias or prejudice of judge Whenever a party to any proceeding in a district court makes and files a timely and -5- sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. . . . 455. Disqualification of justice, judge, or magistrate (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . . As this court has recently explained, "[d]isqualification under 144 and 455(b)(1) each require determination of bias/prejudice in fact." United States v. __ ____ _____________ Chantal, 902 F.2d 1018, 1023 (1st Cir. 1990). Section _______ 455(a), however, "is an independent basis for mandatory disqualification which requires no determination of bias in fact." Id. The following objective standard applies to ___ determining whether recusal is required under 455(a): the judge must determine "whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the [movant], but rather in the mind of the reasonable man. -6- United States v. Lopez, 944 F.2d 33, 37 (1st Cir. 1991) ______________ _____ (quoting United States v. Cowden, 545 F.2d 257, 265 (1st Cir. _____________ ______ 1976), cert. denied, 430 U.S. 909 (1977)). _____ ______ The district court judge's decision not to recuse himself is reviewable only for abuse of discretion. United ______ States v. Lopez, 944 F.2d at 37. With respect to appellant's ______ _____ motion to recuse pursuant to 144 and 455(b)(1), we do not find that the district court judge abused his discretion in finding that there was no bias in fact. Appellant alleges that the district court judge exhibited actual bias and prejudice by denying that the Exhibit marked "A" was attached to appellant's affidavit accompanying his motion, and by violating federal rules of criminal and appellate procedure and denying appellant his constitutional rights. Appellant's unsupported allegations do not constitute showings of actual bias. The letter filed by appellant with the Board of Bar Overseers complaining of the behavior of the judge's son-in-law, a member of the bar, apparently was attached to the affidavit accompanying appellant's motion, as it is included among the documents filed with the district court. It is not marked "Exhibit A," however, as appellant referred to it in his motion. Therefore, the district court judge was correct in stating in his order denying the motion to recuse that "The exhibit marked 'A' was not enclosed with the affidavit." Appellant's other claims of actual bias are -7- also baseless. As is explained below, the district court did not violate any rules of criminal or appellate procedure. Nor did he violate any of appellant's constitutional rights. Appellant has failed to make a showing of the actual bias required under 28 U.S.C. 144 and 455(b)(1). Section 455(a), however, requires recusal even where there is no showing of actual bias if the judge's "impartiality might reasonably be questioned." 28 U.S.C. 455(a). Appellant's affidavit and letter to the Board of Bar Overseers accompanying his motion to recuse are meant to supply the required "factual basis for an inference of lack of impartiality." United States v. Giorgi, 840 F.2d 1022, ______________ ______ 1036 (1st Cir. 1989). The question is whether those facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the __________ _____ judge's impartiality." In re United States, 666 F.2d 690, 695 ___________________ (1st Cir. 1981). The district judge is allowed considerable discretion in this area. Therefore, this court should affirm the judge's refusal to recuse himself unless it "cannot be defended as a rational conclusion supported by reasonable reading of the record." Id. ___ Applying this legal standard to the facts before us, we conclude that the district judge's decision not to recuse himself was not erroneous. Appellant's affidavit accompanying his motion to recuse states that the source of -8- potential bias on the part of the judge is "past experience between [appellant] and [the judge's] son-in-law, Attorney Goodman, wherein I sent the letter attached hereto as 'Exhibit A' to the Massachusetts Board of Bar Overseers." The attached letter (not marked "Exhibit A") was a complaint against attorney Alan R. Goodman dated November 19, 1988. It stated that appellant met Attorney Goodman in January, 1988 and that Goodman offered to pay him a percentage of the fee he received in any cases referred to him by appellant. The letter further alleged that Attorney Goodman offered to pay appellant for preparation of certain medical claims and reports in connection with the cases. Appellant claimed that he made referrals and prepared medical claims and reports for Attorney Goodman, but had not received the promised compensation. Appellant's letter also accused Attorney Goodman of sending his clients to "his favorite doctors and therapists to falsely jack up the medical bills which actually comes out from client's share and enhances his cut considerably," of neglecting his clients and of associating with "loan sharks." The letter also stated that Attorney Goodman is "into making quick money by quick settlements without getting the optimum amount for the clients." Appellant filed this complaint more than two years before he filed the motion to recuse. He does not allege -9- that the Board of Bar Overseers investigated or confirmed the accusations or took any action against Attorney Goodman in response to the letter. To find that the district judge abused his discretion in not recusing himself, we would need to conclude that a reasonable person would expect appellant's unsubstantiated accusations would cause the judge to feel sufficient resentment towards appellant that he could not exercise his sentencing discretion in an unbiased manner. While certainly offensive, the unsubstantiated and often illogical complaint alone, without any resulting action by the Board of Bar Overseers, would not appear to test the judge's capacity for impartiality. It is relevant here, we think, that appellant has filed unsubstantiated allegations of misconduct against almost every person involved in this case. Appellant filed a motion to remove his attorney for conspiring with the government. On appeal, he requests that criminal proceedings be brought against the district judge, the Assistant U.S. Attorney who prosecuted the case and the probation officer assigned to the case. In this context, it seems particularly doubtful that appellants' filing of a complaint against the judge's son-in- law would cause a reasonable member of the public to question the judge's impartiality. See In re Allied-Signal, Inc., 891 ___ _________________________ F.2d 967, 971 (1st Cir. 1989) (reasoning that, "other things being equal, the more common a potentially biasing -10- circumstance and the less easily avoidable it seems, the less that circumstance will appear to a knowledgeable observer as a sign of impartiality"), cert. denied, 495 U.S. 957 (1990). ____________ This is not an instance where one of the parties filed a complaint against the judge himself. Compare In re Olsen, _______ ____________ 20 B.R. 206, 210-11 (D. Neb. 1982) (holding that it was error for the bankruptcy judge not to recuse himself where debtor in a Chapter 11 case had made accusations of improper conduct in an unrelated case against the judge to various government officials, creating an appearance of possible lack of impartiality); United States v. Meyereson, 677 F. Supp. 1309, _____________ _________ 1315 (S.D.N.Y. 1988) (explaining that district judge will recuse himself from the case because he "resent[s] the unsupported assertions of the United States Attorney and his tactics in attempting to disqualify me" and doubts whether he can maintain impartiality). Even if we were to find that it was error for the judge to not recuse himself, vacating appellant's conviction (as appellant requests this court to do) would not be the appropriate remedy. "[T]he Supreme Court has said, in respect to judicial actions already taken, that the disqualification statute, 28 U.S.C. 455, 'neither prescribes nor prohibits any particular remedy for a violation of' the duty that the statute imposes." In Re ______ Allied-Signal Inc., 891 F.2d at 973 (quoting Liljeberg v. ___________________ _________ -11- Health Services Acquisition Corp., 486 U.S. 847 (1988)). The _________________________________ Supreme Court has held that the following considerations should govern a decision whether or not to vacate a judgment for violation of 455: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Liljeberg, 486 U.S. at 864. _________ Given that appellant pled guilty, there is very little risk of injustice to the appellant resulting from the judge's potential bias at that stage, where the judge's role is limited (in comparison to his role in a trial). Nor could the acceptance of appellant's guilty plea produce injustice in other cases. Finally, letting stand a conviction based on a guilty plea (even if there was an appearance of impartiality on the part of the presiding judge) would be unlikely to undermine the public's confidence in the judicial process given the limited role of the judge in the guilty plea process. Even under the sentencing guidelines, the judge does have discretion at the sentencing stage of the proceedings. In this case, the district court sentenced appellant to 9 months, at the high end of the applicable guideline range (4 to 10 months). Appellant was ordered to begin serving his sentence more than 9 months ago, however. Therefore, he has -12- presumably already completed his sentence and he has not asked for sentencing by another judge. We deny appellant's request to vacate his conviction and sentence on the ground that the district judge erred in not recusing himself. The district judge did not err in refusing to disqualify himself and, even if he had, appellant would not be entitled to have his conviction vacated. 2. Rule 32. Appellant's claims that the district court ________ violated Fed. R. Crim. P. 32 when sentencing him are meritless. Appellant contends that he was not provided with a copy of the PSI at least ten days before sentencing, as required by Fed. R. Crim. P. 32(c)(3)(A). At the November 21, 1991 hearing on Attorney Fennel's motion to withdraw and appellant's motion to remove his attorney, appellant stated that he had read the PSI in his attorney's office on November 7, 1991, more than ten days before the sentencing hearing. Appellant claims that the district court violated Fed. R. Crim. P. 32(c)(3)(D) by not making a finding as to allegations of inaccuracies contained in the report and violated Rule 32(a)(1) by not postponing sentencing. No such obligations attached because appellant raised no objections to the PSI at the sentencing hearing. Prior to the sentencing hearing, the probation department made several changes to the PSI in response to objections by appellant's attorney, with the result that the recommended sentencing -13- guideline range was reduced from 8 to 14 months to 4 to 10 months. At the sentencing hearing the district court asked appellant's attorney, "Do you have any further objections?" and Attorney Fennell responded that he did not. Nor did appellant raise any objections to the PSI when given an opportunity to speak. Appellant's final claim with respect to Rule 32 is that the district court "maliciously, defiantly and disobediently breached" its duty under Fed. R. Crim. P. 32(a)(2) to advise the defendant of his right to appeal the sentence. The record indicates that the district court did fail to advise appellant of his right to appeal. This was harmless error, however, since appellant filed his notice of appeal in a timely manner on November 25, 1991, the same day that the sentence was imposed. 3. Guilty Plea. Appellant claims that the plea _____________ agreement he signed was subsequently "tampered with, defaced and altered" by Attorney Fennel and the attorney for the government. He refers to the attorneys' change of the reference in the plea agreement from 2B1.1 to 2F1.1. Appellant contends that the guilty plea was not entered knowingly and voluntarily. He argues that, had he known of the change to the plea agreement, he would have withdrawn his plea. -14- Assuming that, as he contends, appellant was not notified of this change, and that the failure to notify him was error, the error was harmless. Under both sections, appellant's base offense level would have been 10 under the assumptions then in effect regarding the amount of the loss caused by appellant's offense (approximately $24,000). Under 2B1.1, the base offense level of 4 would have been increased by 6 for a loss of more than $20,000, resulting in a base offense level of 10. Under 2F1.1, the base offense level of 6 would have been increased by 4 for a loss of more than $20,000, also resulting in a base offense level of 10. Moreover, the base offense level set forth in the plea agreement is merely an estimate of how the sentencing guidelines will be applied. The plea agreement clearly stated that the estimate was not binding: Pandey understands that the range depends upon the investigation conducted by the Probation Department and that he will not be permitted to withdraw his plea solely because of an increase in the range resulting from the pre-sentence investigation conducted by the probation department. Appellant did not object to the Probation Department's use of 2F1.1 rather than 2B1.1 for purposes of calculating a recommended base offense level under the guidelines. In fact, appellant succeeded in reducing the base offense level recommended in the original PSI in reliance upon 2F1.1, -15- comment, n. 7(b). Therefore, any error in not informing appellant of the change to the plea agreement was harmless. Appellant claims that the attorney for the government breached the plea agreement. In the plea agreement the government made the following promise: The government agrees that it will not make a specific sentencing recommendation. However, the government reserves the right to bring any aggravating or mitigating factors to the court's attention. At the sentencing hearing, the government fulfilled this promise. Although the attorney for the government raised several aggravating circumstances, including appellant's criminal and employment history, characterized appellant as a "con man" and asked the court to "consider restitution as a condition of any sentence," these actions did not amount to a breach of the plea agreement. Consistent with the plea agreement, the government did not make a specific sentencing recommendation. As the government stated at the guilty plea hearing, "[t]he agreement is that I would not make a specific recommendation as to the amount of time served, Your Honor. Or whether or not any time should be served for that matter." Appellant's attorney agreed that that was a proper characterization of the agreement. The government did not recommend an amount of time to be served, or that any time should be served. Contrary to appellant's contention, the plea agreement did -16- not obligate the government to bring mitigating circumstances to the attention of the court. The government did not breach the plea agreement. Appellant's final contention with respect to the plea agreement is that the district court violated Fed. R. Crim. P. 11(e)(2) by not requiring that the plea agreement be shown or read to the defendant in open court. Rule 11(e)(2) provides, in relevant part, as follows: If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. In this case, the fact that a plea agreement had been entered was disclosed. As the above quoted language from the guilty plea hearing indicates, the government accurately described the nature of the agreement. Appellant's attorney stated that the government's description of the plea agreement was an accurate one. Rule 11(e)(2) does not require more. See ___ United States v. Daniels, 821 F.2d 76, 80 (1st Cir. 1987) _____________ _______ (Crim. R. Civ. P. 11(e)(2) requires parties to inform trial judge of all material details of the plea agreement). Moreover, the failure to disclose the change from 2B1.1 to 2F1.1, even if a violation of Rule 11, would constitute harmless error under Fed. R. Crim. P. 11(h). No substantial rights were affected by the appellant's failure to become informed of this change. As explained above, the -17- correction of the misstated section of the sentencing guidelines would not have increased the estimated base offense level under the sentencing guidelines. 4. Effective Assistance of Counsel. Subsequent to his _________________________________ guilty plea hearing and four days prior to his sentencing hearing, appellant filed a motion to remove Attorney Fennell on November 21, 1991. The grounds stated in his motion were that Attorney Fennell had conspired with the government attorney to alter the plea agreement (by changing 2B1.1 to 2F1.1) without appellant's knowledge, and that he had neglected appellant's case by failing to return appellant's phone calls and failing to make objections to the PSI as requested by appellant. On November 21, 1991, the district court held a hearing on appellant's motion to remove and on Attorney Fennell's motion to withdraw. After the movants stated the reasons behind their motions, the district court denied both motions. The court concluded that Attorney Fennell had "argued vehemently" on appellant's behalf and had succeeded in persuading the Probation Department to reduce the recommended sentence in the PSI. He further concluded that the correction to the plea agreement had helped the appellant by allowing his sentence to be reduced under the appropriate guidelines section, 2F1.1. Following its sentencing of -18- appellant, the district court granted Attorney Fennell's motion to withdraw. On appeal, Pandey argues that he was denied effective assistance of counsel by the district court's denial of his motion to remove Attorney Fennell prior to sentencing and by the court's granting of Attorney Fennell's motion to withdraw subsequent to sentencing. We review the district court's denial of appellant's motion to remove Attorney Fennell for abuse of discretion. United States v. Allen, 789 F.2d 90, 92 _____________ _____ (1st Cir.), cert. denied, 479 U.S. 846 (1986). In _____________ determining whether the district court abused its discretion, we examine the following factors: the timeliness of the motion, the adequacy of the court's inquiry into the defendant's complaint, and whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. Id. ___ Appellant filed the motion to remove his attorney on November 21, 1991, four days before his sentencing hearing. "Although an accused who's represented by an appointed attorney has a right to effective assistance of counsel, he does not have the right to choose a particular counsel at any cost in terms of delay." United States v. Machor, 879 F.2d _____________ ______ 945, 952 (1st Cir. 1989), cert. denied, 493 U.S. 1094 (1990). ____________ To have appointed new counsel at this late stage of the proceedings would have significantly delayed sentencing. -19- The district court's inquiry into the adequacy of appellant's complaint was more than sufficient. The district court held a hearing on November 21, 1991, the same day that the motion to remove was filed. The court considered the motion to remove together with Attorney Fennell's motion to withdraw. As explained above, the district court gave both movants an opportunity to present their positions and to respond to each other's motions. Based upon that hearing and the district judge's knowledge of the attorney's representation of appellant in the proceedings before him, the district judge denied the motions. Appellant failed to demonstrate "good cause" for removal of his attorney. See United States v. Allen, 789 F.2d at 93. ___ _____________ _____ For the reasons discussed above, the substitution of " 2F1.1" for " 2B1.1" does not constitue good cause. Nor do appellant's claims that his attorney neglected his case and refused to file requested objections to the PSI constitute good cause. Attorney Fennell successfully objected to the PSI and obtained changes therein, resulting in a reduction in the recommended sentencing range from 8 to 14 months to 4 to 10 months. At the hearing on his motion to withdraw, Attorney Fennell explained his failure to make all of the objections to the PSI requested by his client: [Appellant] instructed me to take certain activity with respect to raising objections with the Probation Department about its report, continuing objections, and which in my legal judgment I told -20- him I could not recommend be taken. And frankly, could not take. Because some of them also involve allegations about alleged misconduct or criminal conduct of other persons who are involved in this case. Namely the Probation Department and the Assistant U.S. Attorney. Under those circumstance, Attorney Fennell's failure to make all of the objections requested by his client did not constitute good cause for his removal. Finally, the conflict between appellant and his attorney was not so great as to result in "total lack of communication preventing an adequate defense." United States v. Allen, 789 _____________ _____ F.2d at 92. At the hearing on his motion to withdraw, Attorney Fennell stated that appellant's accusations of fraud and conspiracy and his requests that Fennell file objections to the PSI alleging misconduct or criminal conduct by the government attorney and the Probation Department had led him to file his motion. He stated: I'm just concerned that the state of affairs that exists between us, what I conceive as irreconcilable differences about the level of my participation in his behalf, and my conduct, that more properly I should be allowed to withdraw at this point. Nonetheless, it appears from the record that Attorney Fennell was able to overcome his differences with appellant sufficiently to provide a more than adequate representation at sentencing. At the sentencing hearing, the district court noted that "for the second time Mr. Fennell, something you brought to -21- the Probation Department's attention has been acted upon positively in your client's favor." Attorney Fennell presented mitigating circumstances at length at the sentencing hearing, including appellant's attempts to minimize the extent of the damage from his wrongdoing, Attorney Fennell argued that appellant's demonstrated remorse, the relatively small amount of money involved and his poor health should result in a sentence of probation rather than confinement. Although Attorney Fennell did not succeed in obtaining probation for his client, the district court was influenced by Attorney Fennell's arguments to the extent that it stated that "[b]ecause of the urgings of your attorney . . . , I'm going to find that the chronic fatigue syndrome that you have prevents me from ordering you to prison for that. Instead, I'm going to recommend that you serve the sentence in a medical facility where they will give you proper care." On this record, we do not find that the district court abused its discretion in denying appellant's motion to remove his attorney. As we said in United States v. Lyons, 898 F.2d _____________ _____ 210, 217 (1st Cir. 1990): Not only was [appellant] represented by counsel who spoke on his behalf, but his counsel . . . spoke vigorously and pointedly - notwithstanding the reluctance he expressed at the beginning of the [sentencing] hearing to continue to represent appellant . . . . Appellant has failed to overcome the heavy presumption of adequate representation articulated in Strickland v. Washington, 466 U.S. __________ __________ -22- 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), nor has he shown any prejudice resulting from his counsel's alleged inadequacy. Id. at 693, 104 S.Ct. at 2067. ___ Appellant was not denied effective assistance of counsel by the district court's refusal to grant his motion to remove his attorney. Nor was appellant denied effective assistance of counsel by the district court's granting of Attorney Fennell's motion to withdraw following appellant's sentencing. With his motion to withdraw, Attorney Fennell filed a notice of appeal on his client's behalf on November 25, 1991. There was no constitutional violation in this case because this court appointed new counsel to represent appellant on appeal. Subsequently, we granted appellant's motion to remove appointed counsel. 5. Denial of Stay of Execution Pending Appeal. ___________________________________________ At the sentencing hearing, appellant's attorney requested a stay of execution of appellant's sentence to allow him to "get his affairs together before he has to report." The district court denied the request because of a concern that appellant might flee. In an order dated November 26, 1991, the district court denied appellant's motion for a stay of execution pending appeal for the same reason.1 ____________________ 1. The district court did not expressly rule on appellant's motion for release pending appeal, filed on November 25, 1991. The same standard applies, however, to releases -23- It is the defendant's burden to prove "by clear and convincing evidence that . . . [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." See 18 U.S.C. 3143(b). In an ___ order dated January 10, 1992, this court denied appellant's motion for release pending appeal on the ground that "[t]he defendant's submissions do not provide clear and convincing evidence that he is not likely to flee if released pending appeal." For the same reason, we find that the district court did not err in denying appellant's motions for a stay of execution and for release pending appeal on the ground that appellant might flee. 6. Eighth Amendment. Appellant argues that the district _________________ court violated the Eighth Amendment by sentencing appellant to 9 months rather than probation and by denying his request for a stay of execution "because of his medical situation, the family situation, to get his affairs together before he has to report." Appellant did not raise these objections to his sentence before the district court and, therefore, is foreclosed from raising them here. See United States v. ___ _____________ Morales-Diaz, 925 F.2d 535, 539 (1st Cir. 1991). Even ____________ assuming that appellant's Eighth Amendment claims can be ____________________ pending appeal as to a stay of execution pending appeal. Therefore, the November 26, 1991 court order denying appellant's motion to stay execution of his sentence pending appeal, by implication, was also a denial of his motion for release pending appeal. -24- considered under the plain error doctrine, they are entirely without merit. "An appellate court will ordinarily not review a sentence unless it exceeds statutory limits or is 'so disproportionate to the offense for which it was imposed that it constitutes cruel and unusual punishment.'" United States _____________ v. Gomez-Pabon, 911 F.2d 847, 862 (1st Cir. 1990) (quoting ___________ United States v. Francesco, 725 F.2d 817, 823 (1st Cir. _____________ _________ 1984)). The sentence imposed in this case was within the applicable sentencing guidelines imprisonment range and beneath the statutory maximum. Therefore, it is subject to reversal only on disproportionality grounds. Recent Supreme Court cases have cast doubt on whether the Eighth Amendment contains a proportionality guarantee and have upheld sentences of much greater claimed disproportionality than appellant's sentence. See Harmelin v. ___ ________ Michigan, --- U.S. ---, 111 S.Ct. 2680 (1991) (upholding a ________ sentence of life imprisonment without parole for possession of 672 grams of cocaine); Hutto v. Davis, 454 U.S. 370 (1982) _____ _____ (upholding a sentence of 40 years imprisonment for possession with intent to distribute of nine ounces of marijuana). In light of these cases, we conclude that the "required threshold comparison between the gravity of [appellant's] criminal conduct and the severity of the . . . penalty [imposed] does not support the 'initial inference of gross -25- disproportionality' needed for a successful Eighth Amendment challenge." United States v. Bucuvalas, 970 F.2d 937, 946 _____________ _________ (1st Cir. 1992). (quoting Tart v. Commonwealth of ____ _________________ Massachusetts, 949 F.2d 490, 503 & n. 16 (1st Cir. 1991)).2 _____________ 7. Judicial Misconduct. Appellant's final claim is that ____________________ the district court's actions, alleged in the claims discussed above to be in violation of various statutes and constitutional provisions, also violate the Code of Conduct for United States Judges. For the same reasons that all of the appellant's foregoing claims are without merit, his final claim of judicial misconduct is also meritless. Appellant has provided absolutely no factual basis for the claims that he has wantonly directed against the district court, including claims of conspiracy, deception, bias, vengeance, perjury and obstruction of justice. Conclusion __________ The judgment of the district court is Affirmed. ________ ____________________ 2. Appellant's claims about the conditions in which he was kept during the three weeks between his sentence and his arrival at a suitable medical facility are not properly before us. Those claims concern not the sentence imposed by the district court, but the execution of the sentence by the federal authorities. Although such claims might properly be raised in a 1983 action, they are not appropriately raised on direct appeal. -26-