993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George EIDSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2628.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 13, 1993.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 91 787 WLB, William D. Stiehl, Chief Judge.
 S.D.Ill.
 AFFIRMED.
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 George Eidson pleaded guilty to conspiring to commit an offense against or defraud the United States, 18 U.S.C. § 371. District Judge William Beatty sentenced him to five years, consecutive to a Missouri sentence he was already serving. Eidson did not appeal the federal conviction and sentence, nor did he appeal the later denial of a Rule 35 motion to correct the sentence.
 
 
 2
 Now proceeding under 28 U.S.C. § 2255, Eidson for the first time contends that he was deprived of his due process right to an impartial decisionmaker when Judge Beatty failed to recuse himself under 28 U.S.C. § 455(a). Section 455(a) declares that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." According to Eidson Judge Beatty's impartiality was suspect because he had granted the government's motion to release Jesse Stoneking to become an undercover informant. While working as an informant, Stoneking was the one who "set up" Eidson, who apparently thinks that the judge was biased in Stoneking's favor or released Stoneking solely in order to track him down.
 
 
 3
 Because he pleaded guilty, Eidson faces an uphill battle under § 2255. Under Tollett v. Henderson, 411 U.S. 258 (1973), a defendant who pleaded guilty on the advice of counsel and seeks collateral relief must not only prove that some constitutional infirmity occurred in the earlier proceedings, but also that the attorney's advice was outside "the range of competence demanded of attorneys in criminal cases." Id. at 266 (internal quotation marks omitted). Eidson's claim fails on both points for the simple reason that "[a] judge need not recuse himself because of knowledge of a party gained in a judicial capacity." United States v. Bond, 847 F.2d 1233, 1241 (7th Cir.1988), citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); United States v. Patrick, 542 F.2d 381, 390 (7th Cir.1976). But see United States v. Chantal, 902 F.2d 1018, 1022-24 (1st Cir.1990) (holding that information gained in a judicial role can support a claim of bias under § 455(a)). Any knowledge Judge Beatty may have obtained from Stoneking about Eidson was gleaned in a judicial capacity, and thus is not an appropriate ground for disqualification. Thus there was no constitutional infirmity and Eidson's trial counsel was not ineffective in not discovering the alleged partiality or moving for recusal.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record