Sarah Fitzpatrick MANDEL, Plaintiff

v.

TOWN OF ORLEANS, and Melissa Novotny, and Kenneth Green, Chief of Police; and Other as Yet Unnamed Officers of the Orleans Police Department; Individually and in Their Official Capacities as Chief of Police and Police Officers of the Town of Orleans, Defendants

No. CIV.A. 02–11795–REK.

United States District Court,
D. Massachusetts.

Nov. 19, 2002.

---

**65.** *United States v. Gaubert*, 499 U.S. 315, 325, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

Elizabeth M. Clague, Brockton, MA, for Plaintiff.

Samuel Perkins, Brody, Hardoon, Perkins & Kesten, Thomas P. Campbell, III, Brody, Hardoon & Perkins, Leonard H. Kesten, Brody, Hardoon, Perkins & Kesten, Boston, MA, for Defendants.

### Memorandum and Order

KEETON, District Judge.

### I.  Pending Motions

Pending for decision are the following motions:

(1) Plaintiff's Motion to Amend Complaint (Docket No. 40, filed November 8, 2002).

(2) Defendants'  Motion  to  Recuse (Docket No. 48, filed November 15, 2002).

(3) Defendants' Motion to Stay Preliminary Injunction Proceedings (Docket No. 48–2, filed November 15, 2002).

### II.  Procedural History of the Case

Plaintiff filed suit against defendants in a trial court of the Commonwealth of Massachusetts on September 3, 2002, alleging violations of plaintiff's constitutional rights.

On September 9, 2002, defendants removed to this court—the United States District Court for the District of Massachusetts. On September 20, 2002, this court heard arguments regarding plaintiff's motion for a temporary restraining order and ruled that an evidentiary hearing would be necessary before the court could determine whether either a restraining order or a preliminary injunction could appropriately be issued. The court then issued on September 20, 2002 an Order Regulating Non-jury Hearing (Docket No. 2) and set October 8, 2002 as the first day of the hearing. The hearing began on that date and is still ongoing.

### III. The Request for Recusal

Defendants filed their Motion to Recuse (Docket No. 48) on Friday, November 15, 2002, and the court heard oral argument on this motion on Monday, November 18, 2002.

Recusal is governed by two statutes. The first statute states in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such a proceeding.

28 U.S.C. § 144.

The second statute states in relevant part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a).

Precedents in the First Circuit have recognized a significant difference between the standards of decision prescribed in section 144 and section 455(a). That distinction is that section 144 requires a determination of bias or prejudice in fact. *See In re Martinez–Catala*, 129 F.3d 213, 220 (1st Cir.1997); *United States v. Chantal*, 902 F.2d 1018, 1023 (1st Cir.1990). In contrast, section 455(a) does not require bias in fact and, instead, may require a judge to order that the case be transferred to another judge because of a mere *appearance* of bias. *See Martinez–Catala*, 129 F.3d at 220; *Chantal*, 902 F.2d at 1023. "Nevertheless, judges are not to recuse themselves lightly under § 455(a)." *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir.2000).

First Circuit decisions before 1994 also recognized a second distinction. That distinction, known as the "extrajudicial source doctrine," declared that section 144 "personal bias or prejudice" could not be based on knowledge acquired during the performance of judicial duties. *See Chantal*, 902 F.2d at 1022. A 1994 decision of the Supreme Court may be read as having called into question this interpretation of the extrajudicial source requirement because the opinion of the Court included the following statement:

> A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment.

*Liteky v. United States*, 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The opinion of the Court in *Liteky* also continued to recognize, however, that judicial rulings "alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555, 114 S.Ct. 1147. Furthermore, a judge's statements orally or in a memorandum issued during proceedings that are critical or even disapproving of a party or that party's contentions ordinarily

do not support a challenge, grounded on alleged bias or partiality, to that judge's fitness to hear and decide the case. *See id.* at 555, 114 S.Ct. 1147. Rather, "[such statements] *may* do so if they reveal such a high degree of favoritism or antagonism that would make fair judgment impossible." *Id.* (emphasis in original). The Court noted, however, that a judge's "ordinary efforts at courtroom administration . . . remain immune." *Id.* at 556, 114 S.Ct. 1147.

■ Section 455(a) may in some circumstances require a judge to order that the case be transferred to another judge because of an *appearance* of bias. Appearance of bias must be determined by an objective standard under which the trial judge who is applying it in a particular case must decide whether an ordinary citizen advised of the assertions of historical fact, and disregarding the assertions of inferences and conclusions, would reasonably believe the judge to whom the case has been assigned in regular course to be biased or prejudiced against the party making the request for an order that the case be transferred to another judge. *See United States v. Cowden,* 545 F.2d 257, 265 (1st Cir.1976); *see also Federal Deposit Insurance Corporation v. Sweeney,* 136 F.3d 216, 219 (1st Cir.1998).

■ Under § 455(a), judicially acquired information can form the basis of a judge's disqualification as long as it meets the standard established in *Cowden. See United States v. Cepeda Penes,* 577 F.2d 754, 757–58 (1st Cir.1978). Previous adverse rulings alone, however, cannot be the basis for a motion to recuse. *See Cowden,* 545 F.2d at 265; *MacNeil v. Americold Corporation,* 735 F.Supp. 32, 37 (D.Mass. 1990). Also, it is insufficient to argue that the judge cannot be impartial because he or she had been involved in other stages of the case. *See United Union of Roofers,*

*Union No. 33 v. Meese,* 823 F.2d 652, 659 (1st Cir.1987).

■ In the present case, many of the court's statements on which defendants base their arguments do not constitute evidence of bias, but are instead comments aimed at expressing this court's concerns regarding issues of law and fact that attorneys for the parties were not addressing. These comments by the court were an attempt to alert counsel on both sides so that they could bring to the court's attention any statutes or precedents and any evidence they might wish the court to consider.

Also, as the evidentiary hearing has proceeded, I have made rulings on issues of law to which it had come to appear that applicable law was clear and tentative rulings on issues of fact as to which it had come to appear very likely that they were not in genuine dispute.

Plaintiff appears to be contending that I should recuse myself from any further decisions in this matter because of comments and rulings of the type described in the two paragraphs immediately preceding this paragraph. Plaintiff states no other basis for recusal. Applying the precedents cited above, I conclude that it is appropriate to deny plaintiff's request for recusal.

### IV. Plaintiff's Motion to Amend

Other matters have priority over Plaintiff's Motion to Amend Complaint. Therefore, I will defer ruling on the proposed amendment until a time after decision on the matters presented in the evidentiary hearing, which was concluded in the late afternoon of November 18, 2002.

### V. The Motion for Stay

After hearing the motion to recuse, the court heard further arguments of counsel on both sides regarding the stay proposed by defendants and ruled that it was appropriate for this court to proceed with rea-

sonable dispatch in the evidentiary hearing unless and until a higher court ordered otherwise. In the order below, the entire Motion to Stay is denied. This ruling, however, will not be a barrier to a later motion to stay filed by either plaintiff or defendants, based on changed circumstances. Also, the court assured counsel that, to avoid possible concerns about having time to ask the Court of Appeals for a stay, this court's opinion on issues presented in the evidentiary hearing would not be issued before Friday, November 22, and probably a later date.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Hearing and decision on plaintiff's Motion to Amend Complaint (Docket No. 40, filed November 8, 2002) is DEFERRED;

(2) Defendants' Motion to Recuse (Docket No. 48–1, filed November 15, 2002) is DENIED;

(3) Defendants' Motion to Stay Preliminary Injunction Proceedings (Docket No. 48–2, filed November 15, 2002) is DENIED;

(4) The Clerk of this court is directed to deliver forthwith to the Clerk of the Court of Appeals for the First Circuit a copy of this Memorandum and Order.