14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Chris LUCZAJ, Defendant-Appellant.
 No. 93-1432.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.
Decided Dec. 20, 1993.
 
 Before COFFEY, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Chris Luczaj pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court sentenced Luczaj to 177 months in prison followed by eight years of supervised release, to be served concurrently with a previously imposed state sentence. On appeal, Luczaj's court-appointed attorney, James W. Ackerman, filed a motion to withdraw from the appeal on the ground that it was frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We notified Luczaj of his attorney's motion and his right to file a response. Circuit Rule 51(a). No such response was filed. Finding no nonfrivolous issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Ackerman's brief raises the potential argument that Luczaj was denied his Sixth Amendment right to the effective assistance of counsel in the proceedings which led to his first plea agreement with the United States. In reviewing this claim, a strong presumption exists that counsel rendered reasonably professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). To overcome this presumption, Luczaj must demonstrate that the performance of his trial counsel was constitutionally deficient and prejudiced the defense. Id. at 694. One element of prejudice is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The result must also be fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Strickland, 466 U.S. at 697.
 
 
 3
 Luczaj's claim would clearly fail for lack of prejudice. On January 10, 1992, Luczaj's first attorney, Kenneth Carlson, was allowed to withdraw from the case, and attorney D. Michael Rickgauer was appointed to represent Luczaj. On June 5, 1992, the district court granted Luczaj's motion to withdraw his guilty plea, which was entered with Carlson's assistance. Hence any ineffective assistance rendered by Carlson was cured by Luczaj's withdrawal of his guilty plea.
 
 
 4
 After withdrawal of his first guilty plea, Luczaj, represented by Rickgauer, entered into a second and identical plea agreement with the United States. The record reveals that Rickgauer's representation of Luczaj before the district court was well within "the wide range of reasonable professional assistance" required by Strickland. Strickland, 466 U.S. at 690. A Sixth Amendment claim by Luczaj concerning Rickgauer's performance therefore would be without merit.
 
 
 5
 Luczaj also might assert that the district judge was biased against Luczaj as a result of previously observing Luczaj plead guilty to the conspiracy offense as part of his first plea agreement with the United States. Ackerman's brief does not specify whether this argument would be made pursuant to 28 U.S.C. Sec. 455(a) or (b)(1).[1] Subsection (a) requires that any federal judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned;" subsection (b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. Sec. 455(a), (b)(1).
 
 
 6
 Luczaj's argument under 28 U.S.C. Sec. 455(b)(1) would clearly fail. In this circuit, "personal knowledge of disputed evidentiary facts" means "extrajudicial" knowledge. Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse--Wisconsin, Inc., 991 F.2d 1249, 1255 (7th Cir.1993) (citation omitted). "Facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification." Id. at 1255-56 (citation omitted). Therefore, no bias resulted from the district judge's observation, in his judicial capacity, of Luczaj's first guilty plea. Chief Judge Mihm was not required to disqualify himself from considering Luczaj's second guilty plea under subsection (b)(1).
 
 
 7
 Luczaj's argument under 28 U.S.C. Sec. 455(a) would also fail. The only potential ground for recusal under Sec. 455(a) is based on the district court's observation of Luczaj's first guilty plea. Under Sec. 455(a), "[a] judge need not recuse himself because of knowledge of a party gained in a judicial capacity." United States v. Bond, 847 F.2d 1233, 1241 (7th Cir.1988) (citation omitted). This position is in accord with the majority of circuits which have addressed the issue. United States v. Morris, 988 F.2d 1335, 1337 (4th Cir.1993); United States v. Liteky, 973 F.2d 910 (11th Cir.), cert. granted, 113 S.Ct. 2412 (1993); United States v. Devine, 934 F.2d 1325, 1348 (5th Cir.1991), cert. denied, 112 S.Ct. 954 (1992); United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990); United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989); Liberty Lobby, Inc. v. Dow Jones & Co., Inc., 838 F.2d 1287, 1301 (D.C.Cir.1988), cert. denied, 488 U.S. 825 (1988). But see United States v. Chantal, 902 F.2d 1018, 1022 (1st Cir.1990) (holding that the source of the asserted bias/prejudice in a Sec. 455(a) claim can originate explicitly in judicial proceedings).
 
 
 8
 Any knowledge Chief Judge Mihm may have obtained about Luczaj in considering Luczaj's second guilty plea was derived in a judicial capacity, and therefore is not an appropriate ground for disqualification. Thus there was no violation of Sec. 455(a).
 
 
 9
 There are no other issues of any merit. Attorney Ackerman's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 Recusal is also required for personal bias or prejudice under 28 U.S.C. Sec. 144. This section, however, requires the timely filing of an affidavit alleging such bias or prejudice. 28 U.S.C. Sec. 144. Luczaj did not file an affidavit, and therefore any argument under section 144 is waived