Francisco **IRIZARRY MENDOZA,**
Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. CIV. 04–2193(HL).

United States District Court,
D. Puerto Rico.

March 7, 2006.

Francisco Irizarry–Mendoza, Esq., Loretto, PR, for Pro se.

Nelson Pérez–Sosa, AUSA, Torre Chardon San Juan, PR, for Respondent.

## ORDER

LAFFITTE, District Judge.

Before the Court is Magistrate Judge Camille L. Velez–Rive's Report and Recommendation. (Docket No. 13). In her Report and Recommendation, Magistrate Velez–Rive recommends that Petitioner's motion under 28 U.S.C. § 2255 (*see* Docket No. 1) be denied. Petitioner filed an opposition to said report. (Docket No. 14).

A district court, may on its own initiative, refer a pending 28 U.S.C. § 2255 petition to a United States magistrate judge for a report and recommendation. Fed.R.Civ.P. 72(b); D.P.R. Local Rule 72. Under Rule 72(b) of the Federal Rules of Civil Procedure, the Court is obligated to make a "de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Fed.R.Civ.P. 72(b). The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

In accordance with the mandate set forth in 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation, the Petitioner's objections to said report, and the record as a whole. Based upon this de novo review, the Court concludes that the magistrate judge's Report and Recommendation should be **approved** and **adopted** in its entirety. Accordingly, Petitioner's motion made pursuant 28 U.S.C. § 2255 is **denied**.

Judgment dismissing this case shall be entered accordingly.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

On November 1, 2004, petitioner Francisco Irizarry Mendoza (hereafter "petitioner") filed a motion for post-conviction relief under 28 U.S.C. § 2255 (**Docket entry # 1**). On May 18, 2005, respondent, the United States of America, filed its response and request for summary dismissal (**Docket entry # 6**). Thereafter, *pro-se* petitioner's reply to response and a memorandum in support were filed (**Docket Entries # 9, 10**). The matter has been referred by the Honorable Court to the undersigned United States Magistrate Judge for a report and recommendation (**Docket entry # 11**).

### BACKGROUND

A perusal of the criminal record shows petitioner was convicted after a change of plea and judgment upon conviction was entered in Criminal No. 99–185–3(HL).

Petitioner entered a guilty plea to Count One and Two of the Indictment (Criminal No. 99–185, Docket entry # 400). In accordance with a written plea agreement, defendant accepted responsibility for a conspiracy to possess with intent to distribute controlled substances, and was to be held accountable for at least five (5) kilos but less than fourteen (14) kilos of cocaine, in addition to two hundred (200) kilograms of marihuana.[1] Insofar as Count Two, defendant entered a plea to a violation of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime.

Pursuant to the plea, and upon the government's recommendation at the time of sentence, a term of imprisonment within the Sentencing Guideline range of one hundred and eight to one hundred and thirty five (108–135) was held applicable as to Count One. Count Two entailed a mandatory consecutive sentence of sixty (60) months. *See* Criminal No. 99–185; Transcript Sentencing Hearing dated 5–24–2002, Docket entry # 400; Plea Agreement, Docket No. 327.

### A. Change of Plea Proceedings.

Petitioner claims that he is entitled to post-conviction relief because the Rule 11 colloquy was improper. Petitioner avers that he was not advised that the drug type and quantity were elements of the offense and, thus, he knowingly pled guilty solely to a lesser included offense of which drug type and quantity were not elements of the offense. Accordingly, since petitioner was misinformed as to a critical element of the charged offense, he claims the plea entered was not knowing and the sentence imposed thereunder was unlawful. In his

---

1. Count One of the Indictment charged a conspiracy to distribute more than five (5) kilograms of cocaine and an amount of not less than fifty (50) grams of cocaine base, Schedule II Narcotic Drug Controlled Substance, and multi-kilo quantities of marijuana, a Schedule I Narcotic Drug Controlled Substance. 21 U.S.C. § 841(a)(1), 846.

supplemental memorandum, petitioner relies on a Second Circuit decision, *United States v. Gonzalez*,[2] to substantiate his initial claim for relief.

Petitioner signed a written plea agreement which informed and provided he had been initially charged in Count One with a controlled substance conspiracy that could entail a penalty that was not less than ten (10) years and not more than life imprisonment, a fine not to exceed four million dollars ($4,000,000), and a term of supervised release of at least five (5) years, in addition to any term of incarceration. Plea, p. 2 ¶ 2. Petitioner was then informed the sentence was within the sound discretion of the sentencing judge in accordance with the Sentencing Guidelines. *Id.* ¶ 6. Thus, pursuant to the Guidelines, defendant was informed that the Base Offense Level, applicable to the amount of marijuana and cocaine he was held responsible under Count One, was Thirty Two (32). *Id.* ¶ 7. Since defendant was a supervisor, a two (2) level increase was warranted, which was reduced by three (3) levels for acceptance of responsibility. Plea Agreement, p. 4, ¶ 8(a) and (b). The Total Offense Level was then Thirty One (31). *Id.* ¶ 9. Both parties agreed that the sentencing range would be from one hundred eight to one hundred thirty five months (108–135) as to Count One. *Id.* ¶ 10. The United States and defendant agreed to a sentence on Count One of One Hundred and Twenty (120) months. As to Count Two, the mandatory minimum imprisonment of sixty (60) consecutive months was indicated, for a total of one hundred and eighty (180) months. *Id.* p. 4–5 ¶ 11.

During the plea proceedings, presided by Hon. Judge Héctor M. Laffitte, petitioner accepted the contents of the above plea agreement and was personally addressed by the Court. The Court asked petitioner whether he was satisfied with the assistance of his court appointed counsel, Atty. María Teresa Arsuaga, from the Federal Public Defender's Office, and he answered in the affirmative, as well as having previously discussed the two counts with counsel (Tr. 5–24–2002, p. 27).

After this preamble, the Court then proceeded to take the petitioner's plea. Petitioner was further advised by the Court, that he had stipulated with the government being responsible for at least five (5) kilos but less than fourteen (14) kilos of cocaine, in addition to two hundred (200) kilograms of marijuana. *Id.* pp. 28–29. The applicable sentencing guideline calculations were also discussed, as well as petitioner agreeing with the government as to the role in the offense as a supervisor and the possession of a firearm. *Id.* pp. 29–30.

Upon conclusion of the Rule 11 colloquy, the Court once more indicated to petitioner his agreement that the appropriate disposition of Count One was a sentence of one hundred and twenty (120) months. *Id.* p. 30.

In view of the foregoing, petitioner's guilty plea, as clearly shown by the record, was knowingly made under the advise of competent counsel. Accordingly, petitioner's claims lack merit.

**B. Sentencing.**

Insofar as the sentencing stage, petitioner claims that his sentence was not lawfully imposed under his interpretation of *United States v. González*.

At the sentencing proceedings held on August 22, 2002, petitioner was represented by counsel and was personally addressed by the Court. Initially, petitioner commented he did not accept the version

---

**2.** *United States v. González,* 420 F.3d 111 (2d    Cir.2005).

434

of facts as to his supervisory role nor the possession of the firearm (Transcript 8–22–2002, pp. 5-6). Thus, the sentencing court made a further inquiry of petitioner's claims, the written plea and the averments under oath at the change of plea hearing. *Id.* pp. 7–10. Petitioner was appraised that the Court would not accept the plea agreement and he would go to trial. Petitioner then clearly stated he was accepting the version of facts and the plea agreement. *Id.* p. 12.

## LEGAL DISCUSSION

■ As the government submits, petitioner's time to raise challenges to his plea has passed upon having made an admission of all elements of the charges by means of a valid, knowing, and voluntary plea. A valid plea serves as waiver of all challenges to the factual and legal foundations of the charges. *United States v. Martínez–Martínez,* 69 F.3d 1215, 1223–1224 (1st Cir.1995); *United States v. Chantal,* 902 F.2d 1018, 1020 (1st Cir. 1990).

The government further contends the record is adamantly clear that petitioner stipulated with the government the amount of drugs. Transcript 5–24–2002, pp. 26, 28–29. Petitioner also admitted to the government's version of fact that each defendant was a member of a conspiracy to distribute various controlled substances from approximately 1993, and continued to April of 2001 at the Galateo Housing Project in Rio Grande, Puerto Rico, and petitioner's role was to act as supervisor in the distribution of controlled substances which were sold to customers at the housing project. In this capacity, petitioner Irizarry Mendoza would routinely possess a firearm and was aware that other members of the conspiracy possessed and used firearms. *Id.* pp. 44–48.

■ Additionally, petitioner's claim that *United States v. González* should assist his proposition to vacate his plea is without merit. Drug quantity is an element of aggravated drug offenses that must always be pleaded and proved to a jury **or admitted by defendant** to support conviction or sentence on an aggravated offense, and if defendant is convicted only on a lesser unquantified drug charge, he must be sentenced according to statutory provision addressing sentences for unquantified drug charges, which generally provides no mandatory minimum sentence. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b)(1)(A-C), 21 U.S.C.A. § 841(b)(1)(A-C). *See United States v. González,* 420 F.3d 111 (2d Cir.2005) (emphasis supplied).

■ The factual basis for certain elements may be inferred from other facts admitted by the defendant or proffered by the government. *See United States v. Delgado–Hernández,* 420 F.3d 16, 31 (1st Cir. 2005); *United States v. Marrero–Rivera,* 124 F.3d 342, 352 (1st Cir.1997) (inferring "factual predicate for the requisite mens rea" from "all the evidence alluded to at the Rule 11 hearing"); *see also United States v. Gandía–Maysonet,* 227 F.3d 1, 6 (1st Cir.2000).

Similarly, the *González'* rationale has been read by the Court of Appeals for the First Circuit as one which simply holds that a defendant, charged with an aggravated drug conspiracy under 21 U.S.C. § 841(b)(1)(A), **who does not admit but rather disputes the requisite drug quantity,** could not be held to a guilty plea to that offense. *Id.* at 115. Rather, such a defendant's plea "at best supports a conviction on a lesser, unquantified drug charge, whose sentencing range is prescribed by § 841(b)(1)(C)." *United States v. Yeje–Cabrera,* 430 F.3d 1, 13 (1st Cir. 2005) (emphasis supplied).

Petitioner's position by signing the written plea, the Rule 11 colloquy and the sentencing proceedings does not fall under the *González'* frame of not admitting to drug quantity. To the contrary, petitioner stipulated at all stages of the proceedings a quantity of drugs, that was at least five (5) kilos but less than fourteen (14) kilos of cocaine and two hundred (200) kilograms of marijuana.

Petitioner has also submitted a very general claim on whether retroactivity of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) should be an issue in his case. He furthered this contention by indicating *Blakely* reaffirms the *Apprendi*[3] rule requiring proof requirements to be met when sentencing.

In *Apprendi*, the Supreme Court held as a matter of constitutional law that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 488, 120 S.Ct. 2348. Thus, the due process clauses of the Fifth and Fourteenth Amendments make the jury the proper decision maker and the reasonable doubt standard is the proper burden, when a fact raises the maximum lawful punishment. *Id.* This is only applicable in situations where "the judge-made factual determination increased the maximum sentence beyond the statutory maximum, and not in situations where the defendant's potential exposure is increased within the statutory range." *United States v. Baltas*, 236 F.3d 27, 40 (1st Cir.2001). When a defendant pleads guilty or *nolo contendere* to a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will ... agree that a specific sentence or sentenc-

ing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement). Thus, petitioner's claims of violation to the *Blakely* and/or *Apprendi* are without merit.

In light of above discussed, summary dismissal of a § 2255 motion is appropriate when the petition is inadequate on its face or is conclusively refuted as to the alleged facts by the files and record of the case, or where the alleged grounds for relief are based on bald allegations without sufficiently key particular and supportive factual allegations. *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir.1992). Dismissal of the post-conviction motion is appropriate when key factual averments are contradicted by the record. *United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir.1995); *United States v. McGill*, 11 F.3d 223, 226 (1st Cir.1993).

In view of the foregoing, it is recommended that the § 2255 petition, being without merits, BE DENIED.

## CONCLUSION

For the forgoing reasons, it is recommended that this § 2255 be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficien-

**3.** *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

cies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

**SO ORDERED.**